IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31157
Summary Calendar
_____

ROBERTO VILLAR-GRANA,

                                        Petitioner-Appellant,

versus

DAVID VENTURELLA, Assistant Commissioner, United States
Department of Justice, Immigration and Naturalization
Service; BURL CAIN, Warden Louisiana State Penitentiary;
DORIS MEISSNER, Commissioner of Immigration and
Naturalization Service; JOHN ASHCROFT, Attorney General of
the United States; IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-291-B
--------------------
May 9, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Roberto Villar-Grana (Villar) appeals the district court's
final judgment denying his requests for habeas and mandamus
relief.  Villar, who is a Cuban national, sought habeas and
mandamus relief after the federal Government purportedly breached
an agreement intended to defuse a hostage situation at the St.
Martin Parish Jail.  According to Villar, the Government agreed

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to, but did not, provide him safe passage to Cuba after he and several other Cuban inmates released the hostages whom they were holding. Villar maintains that he is entitled to habeas relief because the purported breach on the part of the federal respondents violated the fundamental-fairness doctrine implicit in the Fifth Amendment's Due Process Clause. He also maintains that he is entitled to mandamus relief because the federal respondents had a clear constitutional duty under the Fifth Amendment and the fundamental-fairness doctrine to honor their agreement with him.

Villar does not dispute that, prior to the hostage-taking incident, he was convicted in Louisiana state court of possession of a controlled dangerous substance with intent to distribute. He likewise does not dispute that, shortly after the incident was resolved, he was sentenced to 15 years' imprisonment, a sentence which he is currently serving at the Louisiana State Penitentiary in Angola, Louisiana.[1] Villar has not challenged, either in this court or in the district court, the validity of that conviction or sentence. Instead, he argues that his detention is unconstitutional because of the contractual breach on the part of the federal respondents, which he maintains violated his substantive due-process rights. The flaw with Villar's argument is that two sovereigns are involved, the State of Louisiana and the federal Government. Whatever perceived constitutional

---

[1] Villar and the federal respondents agree that, although Villar also was convicted and sentenced for attempted first-degree murder, that conviction and sentence have been overturned on direct appeal.

violations the federal respondents may have committed does not affect the validity of his **state** detention. Because Villar has not shown that his Louisiana drug conviction or sentence are constitutionally invalid, there is no basis for granting him habeas relief. See 28 U.S.C. §§ 2241(c)(3), 2254(a).

By failing to establish that he is entitled to habeas relief and that his release from prison is warranted, he likewise has not shown that he is entitled to a writ of mandamus directing the federal respondents to transport him to Cuba. See 28 U.S.C. 1361. Villar cannot obtain his release from prison by showing his entitlement to mandamus relief. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(holding that writ of habeas corpus is sole federal remedy for state prisoner seeking immediate or speedier release). Because Villar has not established his entitlement to habeas relief and because his request for mandamus relief is not warranted, the district court's judgment is AFFIRMED.